IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN PAUL DOMINIC GUIA, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 3:23-CV-0955-M-BT |
| § | (NO. 3:19-CR-0633-M) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of John Paul Dominic Guia under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On December 3, 2019, Movant was named in a three-count indictment charging him in count one with conspiracy to possess with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846, in count two with possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, and in count three with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). CR ECF No.[1] 1. Movant entered into a plea agreement pursuant to which he agreed to plead guilty to the offenses charged

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:19-CR-0633-M.

by counts one and three of the indictment and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the plea and to dismiss any remaining charges. CR ECF No. 53. The plea agreement further set forth: the maximum penalties Movant faced; that Movant had discussed the guidelines with counsel but understood that no one could predict what his sentence might be; the plea was freely and voluntarily made and not the result of force, threats, or promises; Movant waived his right to appeal or otherwise challenge the conviction or sentence except in limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with the legal representation provided him. *Id.* Movant also signed a factual resume setting forth the elements of the offenses charged in counts one and three and the stipulated facts establishing that he had committed those offenses. CR ECF No. 54. On December 17, 2020, Movant testified under oath at rearraignment, to facts establishing that his plea was knowing, voluntary, and intelligent. CR ECF No. 122.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 22. CR ECF No. 71, ¶ 32. He received two-level adjustments for involvement of three or more firearms, *id.* ¶ 33, and stolen firearms. *Id.* ¶ 34. He received a four-level adjustment for using and possessing firearms in connection with another felony offense. *Id.* ¶ 35. He received a three-level reduction for acceptance of responsibility. *Id.* ¶¶ 41, 42. Based on a total offense level of 27 and a criminal history category of V, the guideline imprisonment range was 120 months to 150 months. *Id.* ¶ 93.

The Court varied downward and sentenced Movant to terms of imprisonment of 108 months as to each count, to be served concurrently. CR ECF No. 109. Movant appealed, CR ECF

No. 111, despite having waived the right to do so. CR ECF No. 53, ¶ 12. His counsel filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with counsel's assessment that there were no nonfrivolous issues for review and dismissed the appeal. *United States v. Guia*, No. 21-10573, 2022 WL 301541 (5th Cir. Feb. 1, 2022).

## II.   GROUND OF THE MOTION

Movant alleges that he received ineffective assistance because counsel failed to object to the calculation of criminal history points and failed to raise the calculation issue on appeal. ECF No.[2] 2.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v.*

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

3

*Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient

performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

Movant argues that he should not have received three criminal history points under USSG 4A1.1(e) for three other aggravated robbery convictions because he received three points for his first conviction for aggravated robbery with a deadly weapon under USSG 4A1.1(a). ECF No. 2 at 7. He contends that receiving these points amounted to double-counting. *Id.* As the government explains, ECF No. 5 at 6–7, the calculation was correctly made. Aggravated robbery with a deadly weapon under Texas law is a crime of violence as defined in the guidelines. *United States v. Wallace*, 774 F. App'x 223 (5th Cir. 2019) (citing *United States v. Lerma*, 877 F.3d 628, 630, 634–36 (5th Cir. 2017)). Any objection would have been futile; thus, failure to object did not fall below an objective standard of reasonableness.[3] *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

To prevail on the allegation that he received ineffective assistance on appeal, Movant must show that his counsel "unreasonably failed to discover nonfrivolous issues" to appeal and that "but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Here, Movant knowingly and voluntarily waived his right to appeal. CR ECF No. 53, ¶ 12. And, his guidelines calculation was correct.[4] Thus, counsel cannot have rendered ineffective assistance in failing to raise this ground.

---

[3] Counsel did raise the matter at sentencing, CR ECF No. 123 at 5–6, which may be the reason Movant is pursuing it here.

[4] Movant agreed at sentencing that there were no errors in the PSR. CR ECF No. 123 at 2. He and counsel each addressed the points calculation but the Court did not find it persuasive and granted the downward variance on other grounds. *Id.* at 5–6, 14, 20–21.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the motion.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 2nd **day** of **August, 2024**.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE